UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY JOHNSON, as Administrator of the Shirley T. Sherrod MD PC Target Benefit Pension Plan and Trust, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 12-cv-2545 |
| v. | ) ) | Judge John W. Darrah |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") moves to dismiss the Amended Complaint filed by Plaintiff Leroy Johnson[1] ("Johnson"), as Administrator of the Shirley T. Sherrod MD PC Target Benefit Pension Plan and Trust ("the Plan"), pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. For the reasons presented below, Defendant's Motion to Dismiss is granted.

## BACKGROUND

Johnson, as administrator of the Plan, filed suit against Merrill Lynch pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), which provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter

---

[1] In the original Complaint, filed on April 6, 2012, Shirley T. Sherrod was listed as the Administrator of the Plan and the named plaintiff. Johnson succeeded Shirley T. Sherrod as the Plan Administrator on May 30, 2012. (Am. Compl. ¶ 5.) Johnson was named as the Administrator of the Plan in the Amended Complaint, filed on June 8, 2012.

or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Johnson, as a fiduciary of the Plan, filed the Amended Complaint, alleging Merrill Lynch, as the trustee or custodian of the Plan, refused "to allow any disposition of the assets from its custody except to satisfy claims of creditors of the Plan sponsor or a Plan participant." (Am. Compl. ¶ 24.) Merrill Lynch filed a motion to dismiss the complaint on the basis of the *Rooker-Feldman* doctrine and a lack of subject matter jurisdiction. A court is permitted to take judicial notice of public record, such as court documents, which forms the basis of the facts described below. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

On June 25, 2010, Judge John H. Gillis, Jr., a circuit court judge in Wayne County, Michigan, entered summary judgment against Shirley T. Sherrod M.D. ("Sherrod") and Shirley T. Sherrod M.D., P.C., awarding $181,048.58 to the plaintiffs, Physician Eye Care Associates of Garden City; Michael Sherman D.O.; and Michael Sherman D.O., P.C. ("Sherman"), in a medical practice contractual dispute. (Mot. Ex. A, Order Granting Plaintiffs' Motion for Summary Disposition and Entry of Judgment in Favor of Plaintiffs, June 25, 2010.)

Merrill Lynch acts as custodian of the Plan, and holds Plan assets in a retirement account administered by Johnson and previously administered by Sherrod. (Am. Compl. ¶¶ 6, 8.) Sherman served Merrill Lynch with a writ of garnishment against Sherrod on October 12, 2010. (Mot. Ex. B, Request and Writ for Garnishment issued to Garnishee Merrill Lynch, Oct. 12, 2010.) Merrill Lynch filed a garnishee disclosure on October 25,

2010, and stated that certain accounts, such as Sherrod's retirement account, were generally exempt from garnishment.  (Mot. Ex. D, Garnishee Disclosure, Oct. 25, 2010.)

Thereafter, on February 4, 2011, Judge Gillis entered a "freeze order," providing that Sherrod, "as well as anyone (or any entity) acting for or on their behalf or in active concert or participation with them, are *prohibited* from directly or indirectly selling, transferring, assigning, destroying, concealing, encumbering, hypothecating, or otherwise disposing of in any manner . . ." Sherrod's assets.  (Mot. Ex. E, Order Prohibiting Third-Pary [sic] Plaintiffs From Transferring or Otherwise Disposing of Assets, Feb. 4, 2011.) (emphasis added).  Sherman filed a motion, ordering Merrill Lynch to pay the judgment due to him from Sherrod's accounts; Wayne County Circuit Court Judge Gillis orally granted this motion on October 21, 2011.  (Mot. Ex. G, Transcript of Proceedings in Case No. 08-014242-CK, Oct. 21, 2011.)

Sherrod posted an appeal bond from the Merrill Lynch account, which is permitted by order of the Michigan Court of Appeals, and this bond stayed the garnishment proceedings.  (Mot. Ex. H, Court of Appeals, State of Michigan Order, Oct. 28, 2011.)  On November 22, 2011, Sherrod moved to release the garnishment and unfreeze her assets in light of the appeal bond she posted; this motion was denied by Judge Gillis.  (Mot. Ex. J, Order Denying Motion to Set Aside Order Freezing Defendant's Assets, Dec. 14, 2011.)  Following this, on January 26, 2012, Sherrod filed an appeal of Judge Gillis's denial of her motion to unfreeze her assets.  (Mot. Ex. K, Defendants-Appellants' Delayed Application for Leave to Appeal, Jan. 26, 2012.)

Merrill Lynch also filed a brief with the Michigan Court of Appeals in support of

Sherrod, arguing that the orders freezing Sherrod's assets should be terminated.[2]  (Mot.

Ex. N, Merrill Lynch's Resp. to Defendants'/Appellants' and Plaintiffs'/Appellees'

Briefs on Appeal, May 15, 2012.)

On February 28, 2012, Merrill Lynch filed a motion in the Wayne County Circuit

Court, seeking a release of the freeze on Sherrod's accounts held with Merrill Lynch.

(Mot. Ex. L, Garnishee Defendant's Motion to Release Freeze on Defendant Shirley T.

Sherrod's Accounts Held With Garnishee Defendant and for Other Relief and Supporting

Brief, Feb. 28, 2012.)  Sherrod, as administrator of the Plan, filed this case on April 6,

2012, in the Northern District of Illinois.  Judge Gillis heard Merrill Lynch's motion on

April 13, 2012. The record indicates that he intended to grant the motion; however,

Sherrod opposed the motion, arguing Judge Gillis lacked jurisdiction while her appeal

was pending.  (Mot. Ex. P, Hrg. Transcript, April 13, 2012.)  Therefore, Judge Gillis

denied Merrill Lynch's motion to release the freeze on Sherrod's accounts, pending the

outcome of Sherrod's appeal.  (*Id.*)

Now, the Amended Complaint seeks to have judgment entered in favor of

Plaintiff (Johnson, Sherrod's successor as administrator of the Plan) and to "[o]rder

Merrill Lynch to abide by Johnson's directions regarding any disposition of Plan assets."

(Am. Compl. at 4.)  Despite the freeze order in place in Wayne County, Michigan,

Plaintiff argues in the Amended Complaint that "[t]he state court order explicitly only

applies to assets of Sherrod personally, and assets of the Plan's sponsor, but does not

---

[2] This brief was filed *after* the present litigation in the Northern District of Illinois
had commenced.

state it applies to the Plan." (Am. Compl. ¶ 16.) Therefore, Plaintiff seeks to have the Plan's assets disposed of in the manner he so directs under Plaintiff's assumption that the Wayne County freeze order is inapplicable to the Plan. As mentioned above, Merrill Lynch moves to dismiss this Complaint for lack of subject-matter jurisdiction, arguing that Merrill Lynch is not adverse to Plaintiff and that the *Rooker-Feldman* doctrine bars Plaintiff's claims. (Mot. at 1.) This Motion to Dismiss was fully briefed and is ripe for ruling.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. "When reviewing a dismissal for lack of subject-matter jurisdiction . . . the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). However, when a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (*Lujan*).

A challenge of standing is a challenge to a court's subject-matter jurisdiction; standing is an essential jurisdictional requirement. To establish standing, a plaintiff must show: a violation of a concrete, particularized legally protected interest; a causal relationship between the defendant's conduct and the injury to the plaintiff, and an injury which can be redressed if a court finds in the plaintiff's favor. *Lujan*, 504 U.S. at 560-61.

5

The nonmoving party must support the basis of the jurisdiction with competent proof of jurisdictional facts. *Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). "When considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citations omitted).

In evaluating standing, the emphasis "is on whether the party invoking federal court jurisdiction has 'a personal stake in the outcome of the controversy,' and whether the dispute touches upon the 'legal relations of the parties having adverse legal interests.'" *O'Sullivan v. City of Chicago*, 396 F.3d 843, 853 (7th Cir. 2005) (quoting *Flast v. Cohen*, 392 U.S. 83, 101 (1968). Therefore, in order for there to be a case or controversy for the court to hear, "[u]nder Article III of the United States Constitution, there must be an actual dispute between parties with adverse legal interests . . . ." *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 999 (7th Cir. 2011).

**ANALYSIS**

*Lack of Subject-Matter Jurisdiction*

Merrill Lynch asserts that Plaintiff lacks Article III standing, a jurisdictional requirement, because Merrill Lynch is not adverse to Plaintiff's positions, because Merrill Lynch does not oppose the unfreezing of the assets in the Plan's Merrill Lynch accounts. (Mot. at 9.) To the contrary, Merrill Lynch reasons, it submitted its own motion in the Wayne County Circuit Court, seeking a release from the order freezing the accounts. Merrill Lynch also filed an appellate brief in the Michigan Court of Appeals, supporting Sherrod's position that the retirement accounts were wrongly frozen.

It is apparent from the actions taken by Merrill Lynch in the Wayne County Circuit Court that Merrill Lynch's position is aligned with that of Plaintiff; both parties contend the freeze orders of the Michigan court should be terminated.[3] In his response to the Motion to Dismiss, Plaintiff argues that the assets of the Plan were not subject to the freeze order, because the assets under the Plan are exempt. (Resp. at 6-7.) However, the Michigan court asserted its jurisdiction over the Plan assets and ordered a freeze of those assets, despite Plaintiff's efforts to make those assets distinct from Sherrod's other assets, such as by naming a new administrator to the Plan.

Merrill Lynch further asserts that the *Rooker-Feldman* doctrine is applicable in this case. The *Rooker-Feldman* doctrine is a limit on federal jurisdiction, preventing "lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." *Commonwealth Plaza*

---

[3] Merrill Lynch points out, as noted above, that Sherrod opposed Merrill Lynch's motion in the state court, which prevented the freeze from being terminated.

*Condominium Assoc. v. City of Chicago*, 693 F.3d 743, 745 (7th Cir. 2012)

(*Commonwealth*) (quoting *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642,

645 (7th Cir. 2011)). "This narrow doctrine deprives federal district and circuit courts of

jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). Because of the

freeze order entered by the Wayne County Circuit Court, Merrill Lynch argues, this

Court lacks the jurisdiction to overturn or otherwise impede the Michigan court's

authority or interfere with the appeal Sherrod filed in Michigan. (Mot. at 12.) Plaintiff

counters that Merrill Lynch's reliance on the *Rooker-Feldman* doctrine is misplaced, as

the "doctrine is all but dead." (Resp. at. 2.) However, the Seventh Circuit, while

drawing a distinction between the *Rooker-Feldman* doctrine and preclusion, has

continued to apply the *Rooker-Feldman* doctrine in cases where a litigant essentially

seeks a review of an opinion issued by a state court. *See Commonwealth*, 693 F.3d at

747-49; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010); *Gilbert v.*

*Illinois State Board of Education*, 591 F.3d 896, 899-901 (7th Cir. 2010).

Therefore, the *Rooker-Feldman* doctrine is still directly applicable to this case.

This Court does not have the authority to overturn the decision of a state court.

Regardless of Plaintiff's view that the assets of the Plan are outside the scope of the

Wayne County Circuit Court's jurisdiction, that court has found those assets to be

included in the order freezing Sherrod's assets and, hence, within its jurisdiction.[4]  (Mot. Ex. P, Hrg. Transcript, April 13, 2012.)  Here, Plaintiff's alleged injury is caused by the Michigan state court's ruling regarding the freezing of assets.  Thus, Plaintiff's Complaint lacks jurisdiction pursuant to the *Rooker-Feldman* bar.  *See Commonwealth*, 693 F.3d at 746 ("Absent that state court ruling, plaintiffs would not have suffered the alleged injury they are asking the federal courts to redress, and that is a clear symptom of the *Rooker-Feldman* bar.").  Because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and because the parties are not adverse, Merrill Lynch's Motion to Dismiss for lack of subject-matter jurisdiction is granted.

---

[4] The plain meaning of the freeze order clearly intends the Plan to be subject to the order.  "IT IS HEREBY ORDERED that third-party plaintiffs Shirley T. Sherrod, M.D., and Shirley T. Sherrod, M.D., P.C., as well as anyone (or any entity) acting for or on their behalf or in active concert or participation with them, are prohibited from directly or indirectly selling, transferring, assigning, destroying, concealing, encumbering, hypothecating, or otherwise disposing of in any manner the assets, real or personal property, money, or things in action now held or hereafter acquired by or becoming due to them, until further order of the Court."  (Mot. Ex. E, Order Prohibiting Third-Pary [sic] Plaintiffs From Transferring or Otherwise Disposing of Assets, Feb. 4, 2011.)

**CONCLUSION**

For the reasons set forth above, Merrill Lynch's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction is granted, and Plaintiff's Complaint is dismissed without prejudice.  Merrill Lynch's motion for an award of fees and costs pursuant to 28 U.S.C. § 1927 is denied.

Date:   November 28, 2012

JOHN W. DARRAH
United States District Court Judge